J-S03008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD J. WILGUS, | |
| Appellant | No. 2842 EDA 2017 |

Appeal from the PCRA Order Entered July 25, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001616-2010

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED APRIL 06, 2018**

Appellant, Edward J. Wilgus, appeals *pro se* from the post-conviction court's July 25, 2017 order denying his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not discuss the facts underlying Appellant's convictions for purposes of this appeal.  We only note that in March of 2010, he was charged with involuntary deviate sexual intercourse with a child (IDSI), indecent assault (person less than 13 years old), and corruption of a minor. On September 14, 2010, Appellant pled guilty to IDSI.  He was sentenced on December 17, 2010, to a term of 20 to 40 years' incarceration.  Appellant filed a post-sentence motion for reconsideration of his sentence, which was

---

[*] Former Justice specially assigned to the Superior Court.

denied on December 30, 2010. Appellant did not file an appeal with this Court. Consequently, his judgment of sentence became final on January 29, 2011. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken").

Appellant filed a *pro se* PCRA petition on December 13, 2011. Counsel was appointed and filed an amended petition on Appellant's behalf. On December 13, 2012, the PCRA court denied Appellant's petition, and he did not file an appeal.

On July 3, 2017, Appellant filed his second, *pro se* PCRA petition, which underlies the present appeal. Therein, Appellant alleged that his guilty plea was involuntary because his attorney failed to fully explain the plea to Appellant, and because Appellant had suffered head injuries that impeded his meaningful understanding of the plea agreement. On July 25, 2017, the PCRA court issued an order denying Appellant's petition without a hearing.[1]

_____

[1] We note that the PCRA court erred by not issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. However, Appellant does not raise that error on appeal, thus waiving it for our review. *See* *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted). We also point out that because Appellant's present

*(Footnote Continued Next Page)*

Appellant's filed a *pro se* notice of appeal on August 25, 2017.[2]  On September 11, 2017, the PCRA court issued an order directing Appellant to file, within 21 days of the date of that order, a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The order informed Appellant that his failure to comply would result in the waiver of his claims for our review.  **See** PCRA Court Order, 9/11/17.  On October 27, 2017, the PCRA court issued a Rule 1925(a) opinion stating that Appellant had not, as of that date, filed a Rule 1925(b) statement and, thus, any issue he sought to raise on appeal was waived.

Herein, Appellant raises two claims for our review:

1. Whether the charge of [IDSI] with a child under the age of 13[] [s]hould be reversed due to the fact that [Appellant] did not have a chance to have a trial to prove that he is not guilty?

2. Whether the attorney for [Appellant] did not explain the charges to [Appellant] or whether the attorney just wanted to sweep this case under the rug[?]

_(Footnote Continued)_ ————————

petition is untimely (as discussed in further detail, *infra*), the court's failure to issue a Rule 907 notice would "not automatically warrant reversal." **Id.** (citation omitted).

[2]  Appellant's notice of appeal was due on or before August 25, 2017. Notably, the envelope in which his notice of appeal was sent was time-stamped August 25, 2017, by the postal service.  Thus, we will consider his notice of appeal as being timely-filed under the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that under the prisoner mailbox rule, a notice of appeal from an incarcerated, *pro se* appellant will "be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox").

Appellant's Brief at IV (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We are compelled to agree with the PCRA court that Appellant has waived his issues for our review by not complying with the court's order to file a Rule 1925(b) statement. As our Supreme Court has summarized:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [***Commonwealth v.***] ***Lord***[, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [***Id.***] at 309.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

- 4 -

We also point out that in this case, the PCRA court's order adhered to the requirements of Rule 1925(b)(3). In particular (and as stated *supra*), the court's order notified Appellant that any issue not raised in a timely-filed Rule 1925(b) statement would be deemed waived. Therefore, Appellant's obligation to file a concise statement was triggered by the court's order, and his failure to comply waives his issues for our review. ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

In any event, and for the reasons that follow, we would be unable to afford Appellant post-conviction relief, even had he raised his claims in a timely Rule 1925(b) statement. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

- 5 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in January of 2012, making his present petition filed in July of 2017 patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant wholly fails to meet this burden, as he does not identify or argue the applicability of any timeliness exception. Accordingly, even had Appellant filed a timely Rule 1925(b) statement, we would conclude that the PCRA court did not err in denying his untimely petition.

Order affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/18